# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSE CORDERO VEGA,**

        **Plaintiff,**

v.                                                   **Case No: 6:12-cv-606-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Jose Cordero Vega (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to state with particularity the weight given to the retrospective medical opinions of record and the reasons therefor; 2) relying entirely on the opinions of non-examining physicians while ignoring the opinions of treating and examining physicians; 3) failing to provide reasons supported by substantial evidence for finding Claimant's testimony not credible; and 4) relying upon testimony from a vocational expert that is based on a flawed residual functional capacity assessment ("RFC"). Doc. No. 16 at 16-26. For the reasons set forth below, it is recommended that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

I. ANALYSIS.

    A. Drs. Goldman and Cohen.

On July 2, 2008, Claimant filed an application for benefits alleging an onset of disability as of January 31, 2005. R. 127. It is undisputed that Claimant is insured for benefits through June 30, 2006. R. 57. Therefore, Claimant must establish a disability on or before June 30, 2006.

Claimant argues that the ALJ erred by failing to state with particularity the weight given and the reasons therefor to the retrospective opinions Drs. Donald I. Goldman, Claimant's treating orthopedic surgeon, and Benjamin N. Cohen, Ph.D., a clinical psychologist who performed a psychological evaluation. Doc. No. 16 at 16-21 (citing *Garvey v. Astrue*, 2007 WL 4403525 at *7 (N.D. Fla. 2007) (holding ALJ's duty to consider opinion evidence is not altered by fact the opinion is retrospective)). The Commissioner contends that the "ALJ properly considered the . . . medical records and opinions from the relevant [time] period." Doc. No. 20 at 14. The Commissioner further maintains that "the opinions to which Plaintiff refers were not entitled to any weight, not merely because they were rendered after Plaintiff's date last insured . . ., but because the opinions were not consistent with the contemporaneous medical evidence during the relevant period." Doc. No. 20 at 14 (citing *Mason v. Commissioner of Social Security*, 430 Fed.Appx. 830, 832 (11th Cir. 2011) (unpublished)).[1] The Commissioner then provides reasons not offered by the ALJ in her decision for why the opinions of Drs. Goldman and Cohen are inconsistent with the medical records during the relevant time period. Doc. No. 20 at 17-18.[2]

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

[2] The Eleventh Circuit has stated that "a court may not accept appellate counsel's *post hoc* rationalizations for agency actions," and "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's

The ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981) (emphasis added)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity

---

order." *Baker v. Commissioner of Social Security*, 2010 WL 2511385 at *3 (11th Cir. June 23, 2010) (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397 (1974) (emphasis in original)). Accordingly, in this case, if the ALJ's findings with respect to the opinion evidence are to be upheld, they must be upheld based upon the evidence and reasons articulated by the ALJ, not the Commissioner.

the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

A claimant may rely on retrospective medical opinions. *See Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983)*, superseded by statute on other grounds* (claimant may rely on retrospective medical opinions of treating physicians). *See also Garvey*, 2007 WL 4403525 at *7 (N.D. Fla. Dec. 12, 2007) ("In this circuit, especially, the ALJ must point to substantial evidence in the record to discount the opinion of a treating physician, whether retrospective, contemporary, or prospective.").

Dr. Goldman is Claimant's treating orthopedic surgeon, who began treating Claimant on September 3, 2010, at four month intervals. R. 1329. On September 3, 2010, Dr. Goldman provided an Independent Orthopaedic Surgical Evaluation and completed a Multiple Impairment Questionnaire. R. 1329-43. Dr. Goldman provides a detailed review of the Claimant's past medical history, including the medical records he reviewed, and a thorough review of his physical examination. R. 1337-41. Dr. Goldman diagnosed Claimant with: right total knee joint replacement; attempt at an anterior cruciate ligament repair right knee; right knee arthritis; open reduction internal fixation of a left tibial plateau fracture; lumbar herniated disc multiple levels with neural foraminal stenosis and annual tears; lumbar derangement and radiculopathy; bimalleolar ankle fractures open reduction internal fixation; morbid obesity; hepatitis C and diabetes; lymphedema/cellutis of the right leg; and peripheral vascular disease. R. 1341. Dr. Goldman opines that Claimant's prognosis is poor based upon his multiple permanent impairments and limitations, and Dr. Goldman provides a detailed explanation of the reasons

therefor. R. 1342-43.[3] Dr. Goldman concludes that: "His prognosis is poor. His condition is chronic. These traumatic injuries are degenerative and there is no chance for improvement." R. 1343.

In the Multiple Impairment Questionnaire, Dr. Goldman opines that Claimant has the following functional limitations: pain is at a level of 5-6 on a scale of 1 to 10; he has been unable to completely relieve the pain with medication without unacceptable side-effects; he can sit for a total of 3-4 hours in an eight hour workday; he can stand/walk for 1-2 hours in an eight hour workday; he must be able to stand and walk every 25-30 minutes; he can frequently lift and carry 5-10 pounds and can occasionally lift 10-20 pounds; he has significant limitations doing repetitive lifting; his symptoms will increase in a competitive work environment; his pain will frequently interfere with attention and concentration; he is not a malingerer; he will need unscheduled breaks every 45-60 minutes; he will be absent from work more than three times per month; he must avoid temperature extremes; and he cannot push, pull, kneel, bend, or stoop. R. 1329-35. Dr. Goldman opines that Claimant's symptoms and limitations have been present since 2005. R. 1335. Thus, Dr. Goldman's opinion is a retrospective medical opinion. *See Garvey*, 2007 WL 4403525 at *7 (M.D. Fla. Dec. 12, 2007) ("A physician's retrospective [opinion] is a medical opinion of the claimant's impairments which relates back to the covered period.") (internal quotations omitted).

---

[3] For example, Dr. Goldman states:

> After undergoing a total knee joint replacement, he still has evidence of a huge effusion with lymphedema in the lower extremities and evidence of a painful functional restriction of motion in his right knee by more than 50%. This prevents him from running, jumping, kneeling, squatting, bending, going up and down stairs or scaffolds or up ramps without assistance. Even sitting more than 20-25 minutes increases swelling and pain in his legs easily demonstrated by simple measurement. Abnormal painful gait requires a cane.

R. 1342. Dr. Goldman provides similar explanations of Claimant's prognosis and limitations with respect to his left knee, right ankle, and lumbar spine. R. 1342-43.

On August 30, 2010, Dr. Cohen conducted a psychological consultative evaluation of Claimant and completed a Psychological Impairment Questionnaire. R. 1130-40. Dr. Cohen diagnosed Claimant with bipolar II disorder, post-traumatic stress disorder, and pain disorder. R. 1134. Dr. Cohen opined that Claimant is markedly limited in the ability to: understand and remember detailed instructions; perform activities within a schedule, maintain regular attendance and be punctual within customary tolerance; sustain ordinary routine supervision; work in coordination with or proximity with others without being distracted; complete a normal workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; accept instruction and respond to criticism; get along with co-workers; and maintain socially appropriate behavior. R. 1136-38. Dr. Cohen also opined that Claimant is moderately limited in the ability to: remember locations and work-like procedures; carry out detailed instructions; maintain attention and concentration for extended periods; respond appropriately to changes in the work setting; and to set realistic goals or make plans independently. R. 1135-38. Dr. Cohen opined that Claimant is not a malingerer. R. 1139. Dr. Cohen stated that Claimant's impairments would likely result in his absence from work more than three times per month. R. 1140. Dr. Cohen opined that Claimant's symptoms and limitations have existed since 2005. Thus, Dr. Cohen's opinion is also retrospective medical opinion.

In her decision, the ALJ found that Claimant retains the RFC to perform light work except that:

> [H]e can sit, stand, and walk for thirty minutes at a time and must be allowed to change positions every thirty minutes while at his workstation. He can perform unlimited pushing and pulling with all extremities; he is limited to occasional climbing, but never climb ladders, ropes or scaffolds, and occasional balancing, stooping, kneeling, crouching, and crawling; and, he must avoid

>working around moving and hazardous machinery, as well as heights. Also, the claimant is limited to performing simple, routine, repetitive tasks.

R. 59-60. Thus, the opinions of Drs. Goldman and Cohen, as detailed above, are more restrictive than the ALJ's RFC.

The ALJ did not specifically discuss the opinions of Drs. Goldman and Cohen. R. 55-67. Instead, the ALJ states:

> The [ALJ] has reviewed the remaining medical records submitted by the claimant to the file. However, these records describe the claimant's medical treatment outside of the pertinent period from his alleged onset date of disability in January 2005 through June 2006, the date last insured. Accordingly, the undersigned accords little weight to these medical records.

R. 64. Thus, the ALJ's decision does not even acknowledge that the record contains retrospective medical opinions, but erroneously states that the remaining records relate only to treatment received beyond the date last insured. R. 64.

As set forth above, Claimant is entitled to rely on retrospective medical opinions and the ALJ is required to state with particularity the weight given to those opinions and the reasons therefor. *See Boyd*, 704 F.2d at 1211 (claimant may rely on retrospective medical opinions of treating physicians); *Garvey*, 2007 WL 4403525 at *7 (N.D. Fla. Dec. 12, 2007) (same); *Winschel*, 631 F.3d at 1178-79 (ALJ must state with particularity the weight given and the reasons therefor to each medical opinion). In this case, the ALJ erred by failing to state with particularity the weight given to the opinions of Drs. Goldman and Cohen, and the reasons therefor. R. 64.[4]

---

[4] In this case the ALJ erred by failing to discuss the retrospective opinions of Drs. Goldman and Cohen, and that error is apparent from the face of the ALJ's decision. R. 64. Although it did not happen here, this case is an example of an instance where the Commissioner frequently agrees further administrative review should occur and voluntarily moves for remand. Such decisions promote the interest the parties and the Court have in obtaining a just, speedy, and inexpensive resolution of proceedings such as this.

Accordingly, it is recommended that the Court find that these errors warrant reversing and remanding the case to the Commissioner for further proceedings.  *See Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053 (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).[5]

### III.     CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision for further proceedings pursuant to sentence four of Section 405(g);

2. Enter judgment in favor of the Claimant and against the Commissioner; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on July 25, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk

---

[5] Claimant argues that the ALJ erred with respect to the opinions of other treating and examining physicians, and by giving greater weight to the opinions of non-examining physicians than to the opinions of treating and examining physicians. Doc. No. 16 at 18-20.  Because the final decision must be remanded for the reasons detailed above it is unnecessary to analyze these arguments.  On remand the ALJ should state with particularity the weight given to each medical opinion of record and the reasons therefor.  Claimant also maintains that the ALJ erred in finding his subjective testimony not credible and in relying on testimony from a vocational expert which was based on a faulty RFC due to the ALJ's errors with respect to the opinion evidence.  Doc. No. 16 at 21-26.  Due to the errors detailed above, the case must be remanded for further proceedings in which the ALJ will necessarily have to reassess the medical opinions, Claimant's credibility and his RFC. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).  Accordingly, it is unnecessary to address the remaining errors alleged because on remand the ALJ will necessarily have to address anew the matters giving rise to the alleged additional errors.

Mail or Deliver Copies of this order to:

Stacey B. DeVeaux
Law Offices Harry J. Binder And Charles E. Binder, P.C.
Suite 800
1 E Broward Blvd
Ft Lauderdale, FL 33301

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Pamela Houston
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801